## Vanemen *against* Herdman.

Since the passage of the act of the 6th of April 1830, a judgment against one of two defendants, upon whom alone process has been served in an action upon a note, is not a bar to a subsequent action on the same note against the other defendant, upon whom process was not served; although an execution had issued upon the first judgment from the justice before whom the judgment was obtained.

ERROR to *Washington* county.

This action by Joseph Vanemen against Robert Herdman and Francis Herdman, originated before a justice of the peace; and in this court the following case was presented.

" Due Joseph Vanemen the sum of 30 dollars for value received, bearing interest from this 24th of September 1829.

"Robert Herdman,
"Francis Herdman."

On this note a suit had been brought against both defendants in Alleghany county before a justice : the process was served upon and judgment rendered against Robert alone, and an execution issued against him which was returned " nothing found."   The plaintiff then brought a suit in Washington county, where Francis lived, against both defendants : the docket of the justice showed it to be " on a plea of debt by due bill and transcript from the docket of justice Gilfillen, in Alleghany county ; the summons was served on Francis ; both defendants appeared, and offered a plea of set-off by due bill drawn by J. Vanemen in favour of Richard Bowen, and assigned by Bowen to M'Kee, and by M'Kee to Robert Herdman, and by Robert Herdman to Francis Herdman."   The justice rendered a judgment for the plaintiff, from which Francis Herdman appealed to the common pleas.   On the trial of the cause, the court below instructed the jury that the judgment and execution against Robert in the first suit was a bar to this action, and the jury found for the defendant.   This opinion was the subject of the assignment of error.

*Leet*, for plaintiff in error.
*Watson*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—It had been repeatedly decided in this court that

[Vanemen v. Herdman.]

when a suit on a joint and several obligation was brought against all the makers of the note or bond, and the writ was not served on all, the plaintiff ought to drop the one on whom it was not served, and proceed against the other; but it was also held that by obtaining judgment against him on whom the writ was served, the bond or note was extinguished, and all remedy against the other was gone; and in 13 *Serg. & Rawle* 280, the late chief justice laments that it is so, and says it is a case which calls loudly for legislative interference.

On the 6th of April 1830, the legislature enacted as follows:

" Section 1. In all cases now pending, or hereafter brought, in any court of record in this commonwealth, against joint and several obligors, co-partners, promissors, or the indorsees of promissory notes, in which the writ or process has not been or may not be served on all the defendants, and judgment may be obtained against those served with process; such writ, process or judgment shall not be a bar to a recovery in another suit against the defendant or defendants not served with process."

The opinion of the court below was, that although the judgment against Robert in Alleghany county would not have prevented a suit against Francis, yet when execution was taken on that judgment, although neither body nor goods could be found, the bare fact of taking an execution against Robert estopped the plaintiff from proceeding against Francis. Such construction would render the law useless. If the legislature had any meaning, it was, that when a man had endeavoured to obtain satisfaction from one of his debtors and could not obtain it, he might proceed against another person bound for the same debt, and collect it, or so much as could not be got from the first, by suit against the second: this construction would permit a plaintiff to drop his first judgment, when he got one against another obligor, but it would still leave only one of the joint and several obligors liable. The law was passed to make them all liable, and not confine the plaintiff to any one by any technical rule: if it has any effect, it puts the plaintiff in the same situation as if he had brought several suits against each of the joint and several obligees, and in such case an execution against one, without a levy, would not bar an execution against another; he could obtain but one satisfaction, but he might proceed against all till he got his debt.

But it was contended here, that the act of assembly only mentioned suits in a court of record; that these suits were before justices of the peace, whose courts are not of record. I am not sure that the first judgment being in a court of record was that, and only that, which made it merge and extinguish the bond or note. Be that as it may, it is certain that more than half, perhaps more than three-fourths, of the money collected by suit in this state is collected before justices, and we should greatly abridge the utility of the act, if by a narrow construction it was not extended to them. Their tribunal, though not strictly a court of record, has many of the attributes of one; but a more

satisfactory answer is, that suits before a justice, when brought into court by appeal, are to be "subject to the same rules as other actions," and in every respect have been and must be considered as if commenced in the common pleas by writ of that court. I know of no case where a cause regularly brought into the common pleas by appeal is not to be tried and decided on the same rules of pleading, evidence and law as one originally commenced there. I say nothing of costs depending on particular legislative provisions.

A difficulty has occurred to us on another ground. From the short notes of the proceedings in the transcript (and they are as full as we generally find them), it is not certain whether the justice in Washington county did not issue his summons against both, and the law authorizes process only against the defendant who was not served with process in the first suit. The summons was not served on Robert, but he appeared on the day of trial. It seems clear that Francis alone made defence; for Robert having got a due-bill against the plaintiff, assigned it to Francis. Now if he had been on trial, this was not necessary; it was as available as if Francis had it: but there is a farther and more satisfactory answer; if the second judgment was against both, of which I am by no means satisfied, Robert did not appeal; he is not before the court; he, if any person, is injured and he asks no redress.

If Robert had appealed he must have given bail according to law; he has not done so : he must have appeared and pleaded, and been subject to the judgment of the common pleas and the costs of that court; but he has not put himself in that situation; we have no power to impose a judgment or costs on him, and of course have no power to give any judgment for him or affecting him. We cannot decide on a case of a man who has said, I am content with the judgment of the justice, and will not go into the common pleas. Francis did, however, appeal, and in the common pleas he made his defence; but he did not allege this as error; if he had, it might have appeared that the judgment was only against Francis before the justice; but he could not allege it. Judgment by a justice against two; one says he is content and will not appeal; the other appeals : in court he can show that on the merits he himself is not liable; but he cannot bring the other defendant into court against his will, and try his cause over again against his will. In court the cause must be between the parties in court. Suppose a judgment before a justice against principal and surety in a note; the surety knows the debt is justly due, and don't wish to be subjected to more costs, and does not appeal; but the principal appeals; in court he can show no defence as to himself, but he is permitted to try the case of his surety, and succeeds in obtaining a verdict and judgment for himself in court. The result would be that the principal goes free, and the justice collects the debt from the surety. Possibly a defence on the merits in court might discharge both in certain circumstances; but in all cases, a defence and success, on matter of form, by one party in court, will

[Vanemen v. Herdman.]

leave the one against whom there is judgment by a justice, liable for the whole debt. A judgment on appeal may be greater than it was before a justice. We cannot suffer him who appealed to increase the amount against him who refused to appeal, nor can he lessen it; much less can we suffer him to object on a matter of form which respected only the one who has made no objection on that account.

Judgment reversed, and a *venire de novo* awarded.