## Bennett *et al. versus* Cadwell's Executor.

1. In a suit in Wisconsin on a partnership note, one of the partners was not served, and judgment was recovered against the others. This did not discharge the partner not served in a suit against him in Pennsylvania.

2. Primâ facie, the law of the forum is the same with the law of the place of the contract.

3. Partners dissolved; Cadwell, one of them, received all the assets and covenanted to pay all the debts and indemnify his fellows. In a suit on a note against the firm, one of whom Bennett, was not served, a judgment was recovered against the others, Cadwell being one of them. A judgment was recovered in Pennsylvania in a suit against Bennett for the same note for want of an affidavit of defence. This judgment was primâ facie evidence of Bennett's right to maintain an action against Cadwell on his covenant.

4. In the action against Cadwell the validity of the judgment could not be inquired into collaterally.

5. Accepting a bond from one partner for a firm's simple contract debt is a satisfaction of the firm's indebtedness.

6. The recovery of the judgment in Wisconsin extinguished the firm's indebtedness as to the partners served.

7. Act of April 6th 1830, (judgments against part of joint contractors), applied.

8. Campbell *v.* Steele, 1 Jones 394, recognised.

November — 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county:* No. 157, to October and November Term 1871.

This was an action of covenant brought February 12th 1869, by Charles H. Orton, George W. Haverstick and Elon A. Bennett, for the use of Elon A. Bennett, against William W. Reed, executor, &c., of Henry Cadwell, deceased.

The declaration recited in the first count that Orton, Haverstick, Bennett and Cadwell had been partners, under the firm of Haverstick, Bennett & Co., and on the 1st of June 1857, the partnership had been dissolved; on that day an agreement was entered into by Cadwell of the one part and the other partners of the other part, by which in consideration of one dollar and the settlement and adjustment of the business and indebtedness of the partnership by Cadwell, the three partners sold to him all the property of the firm and the debts due to it; and that Cadwell covenanted with the other partners that he would save them harmless and keep them indemnified against all persons to whom the partnership was indebted, from all actions, &c., arising out of the partnership. The plaintiffs averred that one of the debts of the firm was a note due to Barnes, Lyman & Co., for $1313.30, and that judgment had been recovered on it against Bennett in the Common Pleas of Erie county, for $1651.80, which judgment was revived on the 29th of October 1868, for $2403.09 with $17.04 costs, and Bennett had been compelled to pay the judgment and interest.

In the second count they set out as a breach that a judgment for a debt of the firm had been recovered against Bennett by the Farmers' and Millers' Bank, of Milwaukee, and that he had paid $250 and $5 costs of that judgment.

The case was tried January 28th 1871, before Vincent, A. J.

The plaintiffs gave in evidence the covenant of indemnity, as set out in the declaration. They gave in evidence also the record of a judgment in a suit to May Term 1861 of the Common Pleas of Erie county, Barnes, Lyman & Co. *v.* Elon A. Bennett. The statement of the claim was that Haverstick, Bennett & Co. had made a note in favor of Lyman, Barnes & Co., for $1330.30; that on the 8th of January 1858 plaintiffs recovered judgment in the United States Court for the District of Wisconsin against Haverstick, Orton & Cadwell, for $1407.79; that Bennett was *not served with process in the case, and therefore judgment had not been obtained against him jointly with the other partners, makers of the note.*

Judgment was taken against Bennett on the 3d of March 1861, for want of an affidavit of defence for $1651.80.

A scire facias was afterwards issued on this judgment, and judgment was taken for want of an affidavit of defence, and liquidated January 4th 1869, at $2403.09. Fi. fa. issued on this judgment January 19th, levy on Bennett's property, receipt for debt and interest, and writ stayed.

The plaintiffs offered in evidence a notice from Bennett to the executor of Cadwell, to defend him and keep him harmless from the claim under the scire facias and other claims against Haverstick, Bennett & Co.

[Bennett v. Cadwell.]

This offer was objected to by the defendant and rejected by the court, but no exception was taken.

The plaintiffs gave parol evidence that the above judgment against Bennett was a debt of the firm of Haverstick, Bennett & Co.

The defendant gave in evidence a judgment for $3300, "Real Debt $1649.70," by confession by Cadwell, at November Term 1860, on bond and warrant in favor of Barnes, Lyman & Co.; assignment of the judgment to W. W. Lyons, and satisfaction by Lyons May 15th 1866.

Bennett testified that, by giving his note for the debt and interest of the judgment, he had got the plaintiff to stay the execution.

The plaintiff in rebuttal gave in evidence the assignment dated October 31st 1864, by Barnes, Lyman & Co., of the judgment against Cadwell to Lyons, "to be collected for his benefit and use, without recourse in any manner whatsoever, reserving, however, all our rights against the other members of the firm of Haverstick, Bennett & Co., against whom we hold a judgment recovered duly, and also reserving all collateral securities held by us for payment of the debt for which the above assigned judgment was obtained, which are hereby excepted from this transfer, and to remain our property."

Bennett paid the $250 mentioned in the second count in the declaration.

The court charged: * * * "In March 1861, Barnes, Lyman & Co., who were creditors of the firm, obtained a judgment against Bennett for a partnership debt. Before this time Barnes, Lyman & Co. had obtained a judgment against the other members of the firm, in the state of Wisconsin. They also obtained a judgment against Henry Cadwell alone, for the same claim, at November Term 1860, in this county, which was revived against him to No. 137, August Term 1865.

"October 31st 1864, the judgment against Cadwell alone was assigned to W. W. Lyon, reserving to the plaintiffs all claim or judgments against other members of the firm. This assignment was filed of record in February 1867.

"The reservation in the assignment to Lyon certainly gave Barnes, Lyman & Co. a right to collect from the other partners so much of their claim as was not then satisfied in law or in fact.

"Cadwell, by the agreement of June 1st 1857, only bound himself to pay the legal claims against Haverstick, Bennett & Co., and in our opinion, the other members of the firm, when separately sued for the firm debts, were bound to notify Cadwell of such suits, in order that he might set up any defence the law permitted against a recovery, and if, at the time judgment was obtained against Bennett, there was a legal defence to the claim, as against Ben-

[Bennett *v.* Cadwell.]

nett, which Cadwell could have availed himself of, and Bennett permitted judgment to go against him without notice to Cadwell, he cannot now make the estate of Cadwell liable for the amount.

"[At the common law, if a creditor took judgment and liquidated it against one joint debtor, he lost all right to bring suit for the same claim against the other joint debtor or debtors. And as we have no evidence that such proceedings are regulated by statute in Wisconsin, we must presume that the common law prevails there, and we are, therefore, of the opinion that the judgment taken by Barnes, Lyman & Co. for their claim against the members of the firm other than Bennett, released him from all legal obligations to pay the debt. It was no longer a legal claim against him]

"[The judgment which was assigned to W. W. Lyon, and which was satisfied by him, was entered, on a bond given by Cadwell to Barnes, Lyman & Co.] Mr. Bennett says, in his testimony, that Barnes, Lyman & Co. had but one claim against his firm, and [if this be so, and the bond so given by Cadwell was for this claim, it was a satisfaction of it against all the other members of the firm, because it was a higher security than the note]. If after that, Bennett, without notice to Cadwell, permitted judgment to be taken against him for the same debt, he must, in our opinion, abide the consequences of his own neglect. But if the facts were not as above supposed, and the only defence Cadwell could have made against the claim in suit against Bennett, was to the extent of the amount released by the assignment to Lyon, Bennett would still be liable for three-fourths of the claim as it stood on the 31st of October 1864, and can recover that amount from Cadwell's estate, when he, Bennett, has become liable to pay it; and that he has so become liable is made out if you believe the testimony." * * *

The verdict was for the defendant on the first count of the declaration, and for the plaintiffs on the second count for $277.91. The plaintiffs took a writ of error and assigned for error the portions of the charge in brackets.

*Spencer & Marvin* and *J. H. Walker*, for plaintiffs in error.— The presumption is that the law of the place of the contract is the same as the law of the forum: Vattel's L. of N. 173. The suit in Wisconsin was one of the remedies for the same contract, and the plaintiffs could resort to their remedy here according to the law of Pennsylvania: Story Confl. of Laws, section 558, 587. By our Act April 6th 1830, section 1, Pamph. L. 277, 2 Br. Purd. 1120 pl. 4; in all suits against copartners, &c., where the writ has not been served on all the defendants and judgment obtained against those served, it shall not be a bar to those not served. This statute controls here: Steel *v.* Smith, 7 W. & S. 447;

[Bennett v. Cadwell.]

Campbell v. Steel, 1 Jones 394. Comity to a foreign state does not require a disregard of our own statute: Bank of Augusta v. Earle, 13 Peters 519; Decouche v. Savatier, 3 Johns. Chan. R. 190.

The bond and confession of Caldwell to Barnes, Lyman & Co., is not a bar: Act of 1830, section 2, 2 Br. Purd; *supra*, pl. 5.

*T. M. Marshall* and *J. C. Marshall*, for defendant in error.— The common law is to be taken to be the law of Wisconsin: 23 N. Y. R. (6 Smith 465); Siegel v. Robinson, 6 P. F. Smith 19. The confession of judgment by Caldwell was a satisfaction as against the other partners: Lewis v. Williams, 6 Wharton 264; Higgins' Case, 6 Rep. 43; Wallace v. Fairman, 4 Watts 378; Welsh v. Hirst, 1 Phila. R. 50; Hogg v. Charlton, 1 Casey 202; Anderson v. Levan, 1 W. & S. 334.

The opinion of the court was delivered, July 3d 1872, by
WILLIAMS, J.—The question presented by the first assignment of error is, whether the judgment obtained in Wisconsin against the other members of the firm extinguished the partnership-note, and discharged the plaintiff, who was not served with the summons, from his legal obligation to pay it, and if so, whether it constitutes a defence in this action. The court below charged the jury that, "at the common law, if a creditor took judgment and liquidated it against one joint debtor he lost all right to bring suit for the same claim against the other joint debtor or debtors; and as we have no evidence that such proceedings are regulated by statute in Wisconsin, we must presume that the common law prevails there, and we are therefore of the opinion that the judgment taken by Barnes, Lyman & Co. for their claim against the members of the firm other than Bennett, released him from all legal obligation to pay the debt. It was no longer a legal claim against him."

It is undoubtedly true that by the common law a judgment against one or more of several partners on a partnership-note merges the original cause of action, and is a bar to another suit against the remaining partners who were not served with the writ of summons: Smith v. Black, 9 S. & R. 142; Downey v. Bank. 13 Id. 288. But in the absence of proof, must we presume that the common law prevails in Wisconsin unmodified by statute? And if so, does it follow that the judgment recovered against the other members of the firm in that state was a bar to the action brought against the plaintiff in the court below to recover the amount of the note? It is clear, that by the law of Pennsylvania it was not a bar to the action: Vanemen v. Herdman, 3 Watts 202; why, then, should we presume that it was by the law of Wisconsin? It is well settled that in the absence of proof,
20 P. F. SMITH—17

[Bennett *v.* Cadwell.]

the law of the state, where the contract was made, will be presumed to be the same as the *lex fori:* Sperrill *v.* Hopkins, 1 Cow. 103; Leavenworth *v.* Brockway, 2 Hill 201; Holmes *v.* Braughton, 10 Wend. 75; Foulke *v.* Fleming, 13 Md. 392; Bean *v.* Briggs, 4 Iowa 464; Whidden *v.* Seely, 40 Maine 247; Cabarga *v.* Seeger, 5 Harris 514. In Sperrill *v.* Hopkins the court say: "The plaintiff having failed to show what the law of Massachusetts is, we are to presume it the same as our own;" and in Leavenworth *v.* Rockway, "the *onus probandi* was upon the defendant to show the law of Ohio to be different from that of this state, if he wished any advantage from it." So in Bean *v.* Briggs, it is said: "If a controversy arises in our courts upon a contract made in another jurisdiction, primâ facie it is to be governed by the law of this state; and if it is claimed that the law of the place of contract establishes a rule unknown to our law, such foreign law should be proven." The doctrine of all the cases cited is, that when the law of the state where the contract was made is not shown, it will be construed according to the *lex fori*. Why, then, should this case be an exception to the general rule? When Pennsylvania has abrogated the technical rule of the common law as to the effect of a judgment against one or more of several joint debtors or partners on account of its injustice, why should we presume that it is in force in other states? There is no state where the common law prevails that it has not been more or less modified by statute, and if so, what foundation is there for the presumption that it exists in any state without modification? If the defendant claims the benefit of a technical defence not allowed by our law, why should he not show that he is entitled to it by the law of the state where the contract was made? It seems to me that on principle and authority we are bound to presume that the law of Wisconsin is similar to our own, and in the absence of proof we cannot presume that the common law prevails there without modification: Blystone *v.* Burgett, 10 Ind. 28. But the question raised here was in effect decided by this court in Campbell *v.* Steele, 1 Jones 394. It was there held that a foreign judgment against one of several joint owners of a steamboat is not a bar to an action against the others. In that case Rogers, J., said, in answer to substantially the same position as that which has been taken here: "But it is said that the judgment against Smith is a bar to an action against the other partners. Strictly speaking, the owners of the boat are not partners, but tenants in common; Knox *v.* Campbell, 1 Barr 368; but be this as it may, the judgment against him neither merges the debt nor is it a bar to this action. The case is clearly embraced by the 1st section of the Act of 6th April 1830; for otherwise a judgment in another state would have a greater effect than a judgment in our own state." And, after quoting the act, he continues: "In Vanemen *v.* Herdman,

[Bennett v. Cadwell.]

3 Watts 202, a judgment is ruled not to be a bar to a subsequent action, even although an execution has been issued on the first judgment. Nothing but satisfaction bars a suit against other partners. This just and salutary act is entitled to a liberal construction; and although this case does not come within its letter, it is clearly embraced by its spirit." The question is therefore no longer an open one.

But if it had been shown that by the law of Wisconsin the plaintiff was discharged from all liability on the note by the judgment against the other members of the firm, could the defendant set up his discharge as a defence to this action? The defendant did not plead the judgment and give the record of it in evidence. All the proof that we have that any such recovery was had, is found in the record of the judgment against the plaintiff for the amount of the note. The plaintiffs in that case filed a statement of their claim, and after setting out a copy of the note, they say: After the said note became due, the plaintiffs, January 8th 1858, recovered judgment against the defendants, George W. Haverstick, Chas. H. Orton and Henry Cadwell, in the United States District Court for the District of Wisconsin, for $1407.79. Elon A. Bennett, the defendant, was not served with process of summons, and on that account judgment was not obtained against him jointly with the other partners, the makers of the note. Upon this statement judgment was entered against Bennett on the 30th day of March 1861, for want of an affidavit of defence. It is admitted that if the defendant's testator had had notice of the action, the judgment would have been conclusive against the executor in this action. But the judgment is primâ facie evidence of the plaintiff's right to maintain the action, and if it cannot be collaterally impeached, it is conclusive on the defendant. What right then had he to impeach it? He may avoid its effect by showing that his testator had a good defence to the action if he had received notice of its pendency, and been required to defend it. But he had no defence other than the recovery of the judgment against the other members of the firm in Wisconsin. But this defence is set out on the record in the statement of the plaintiff's claim, and was passed upon by the court in rendering judgment against the defendant. If the plaintiffs, by their own showing, were not entitled to judgment, then the court had no right to enter judgment against the defendant for want of an affidavit of defence: Woodwell v. Bluff Mining Co., 1 Casey 365. The court, therefore, in giving judgment against the defendant, necessarily decided that the recovery of the judgment in Wisconsin against the other members of the firm was not a release and discharge of the defendant from his obligation to pay the debt. Whether the court was in error in so deciding, cannot, as it seems to me, be inquired into collaterally in this action. The court had jurisdiction of the

parties and of the subject-matter of the action: how then could the defendant set up the error of the court in giving the judgment as a defence to this action? And how could the same court that rendered the judgment declare it erroneous when collaterally in question? But it was rightly entered if Campbell *v.* Steele is law, and its authority has never been questioned or doubted.

There is nothing in the second assignment, and it only remains to consider the question presented by the third specification, whether the bond given by Cadwell, upon which judgment was entered in the court below, was a satisfaction of the claim against all the other members of the firm because it was a higher security than the note? Undoubtedly the acceptance of a bond or specialty from one partner is an extinguishment or satisfaction of the partnership indebtedness on simple contract. But there is no evidence that the bond of Cadwell was taken for the partnership indebtedness on the note. The judgment obtained in Wisconsin against Cadwell and the other members of the firm had already extinguished the note as against them. The bond, if taken for the partnership indebtedness, must therefore have been taken in payment or as collateral security for the judgment. There is no evidence for what the bond was given, except that it may be inferred from the assignment of the judgment entered thereon, that it was given as collateral security for the judgment obtained in Wisconsin. It was not a merger or extinguishment of the judgment, nor could it operate as a satisfaction of it unless it was taken in payment. But whether it was taken in satisfaction or as collateral security of the judgment if it was paid to the plaintiffs, or their assignee, Lyons, it was a good defence to the scire facias on the judgment against Bennett; and as it had been satisfied by Lyons before the issuing of the scire facias, it was primâ facie a good defence to that action. It is clear that if Cadwell had paid Barnes, Lyman & Co., or their assignee, the amount of their judgment, it was a satisfaction of their claim against the partnership, and Bennett, if advised of the fact, he might have availed himself of the defence in the sci. fa. on the judgment. As the case goes back for a new trial, it may be proper to say that, in this aspect of it, though no error is assigned to its rejection, the court erred in not admitting in evidence the notice given by Bennett to the defendant of the pendency of the sci. fa. It is true that neither Bennett nor Cadwell could have set up a pretermitted defence, but they could have set up the payment of the judgment given by Cadwell, for that was a satisfaction of the plaintiff's whole claim against the partnership. As the satisfaction of the judgment against Cadwell was primâ facie evidence of its payment, it was a good defence to the scire facias, and, therefore, if Bennett gave notice of its pendency, the executor was bound to appear to the action and set up the payment of the judgment by

[Bennett *v.* Cadwell.]

his testator as a defence, and if, after receiving the notice, he failed to do so, he is now estopped from setting it up as a defence to this action. The judgment obtained against the plaintiff under such circumstances must be regarded as conclusive of his right to recover.

It follows, from what we have said, that the court below was in error in instructing the jury that the plaintiff was not entitled to recover the amount of the judgment obtained against him by Barnes, Lyman & Co., because his liability to them was extinguished by the judgment obtained against the other members of the firm in Wisconsin, and because the partnership note was extinguished by the bond given by Cadwell, upon which judgment was entered in the Common Pleas of Erie county.

Judgment reversed and a *venire facias de novo* awarded.