# Van Auken *versus* Dunning.

1. Van Auken gave a note to Everett for $3340; judgment was entered on it; Everett assigned $2500 of it to Dunning; on affidavit of Van Auken the judgment was opened and he let into a defence. On the trial he offered to prove that Dunning lent him $2500 in New York at a rate of interest usurious by the laws of that state; that Van Auken procured the assignment of the judgment as collateral security for the loan, it having been paid by the money borrowed from Dunning. *Held*, that this would not be a defence, Dunning was entitled to recover the amount lent and legal interest.

2. The offer not being to show that the contract was void for usury by the laws of New York, the presumption was that they were the same as in Pennsylvania, and the contract was to be treated as void only for the excess of interest.

March 23d 1876. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Pike county :* Of January Term 1876, No. 126.

On the 15th of June 1872, judgment: Francis Everett against D. M. Van Auken, was entered in the Court of Common Pleas of Pike county, on the following note :—

"$3340.00. On the first day of January A. D. 1873, for value received, I promise to pay Francis Everett, or order, three thousand three hundred and forty dollars, without defalcation or discount, with interest from the date hereof, and I do hereby confess judgment for the above sum, with interest and costs of suit, and do hereby empower any attorney of the courts of record of this state or elsewhere, or the prothonotary thereof, to enter the said judgment of record, with release of all errors, hereby waiving the exemption laws of this Commonwealth exempting property from levy and sale on execution and the right of inquisition, with confession of condemnation.

Witness my hand this 12th June A. D. 1872.

D. M. VAN AUKEN."

Subsequently, by an assignment by a separate writing, stating the docket entries of the judgment, it was assigned as follows :—

"For and in consideration of the sum of two thousand five hundred dollars to me in hand paid by Braddock R. Dunning, I do hereby assign, transfer, and set over unto the said Braddock R. Dunning, his executors, administrators, and assigns, two thousand five hundred dollars of the above stated judgment, and said judgment for said amount is hereby assigned, transferred, and set over, with interest from the date hereof, and direct that said judgment, to the amount of two thousand five hundred dollars, be marked to his use—said amount to be collected without recourse to plaintiff.

Witness my hand this seventh day of May A. D. 1873.

FRANCIS EVERETT."

[Van Auken *v.* Dunning.]

Upon the petition and affidavit of the defendant that he had a legal defence to the whole judgment, the grounds of which he set out, the court on the 26th 1874 granted a rule on Dunning to show cause why the judgment should not be opened and the defendant let into a defence. On the first of March 1875 the rule was made absolute, and an issue directed, in which Braddock R. Dunning was the plaintiff and Van Auken defendant; the note to stand as the declaration ; and the defendant to plead to issue. He pleaded payment with leave to give the special matters in evidence.

The case was tried December 21st 1875, before Waller, P. J.

The plaintiff gave the note, judgment and assignment in evidence and rested.

The defendant offered to prove that in the spring of 1873, he made a loan of $2500 of Braddock R. Dunning, at Middletown, in the state of New York, at the rate of seventeen per cent. per annum ; that said loan was usurious by the laws of the state of New York ; that as security for said loan he procured an assignment of $2500 of the judgment given in evidence to be made to said Dunning, it having been paid to said Everett by money lent by said Dunning ; and that said Dunning only holds said assignment as collateral security for said usurious loan, and the judgment was only kept alive for that purpose. Offered for the purpose of defeating plaintiff's right to recover under said assignment.

The plaintiff objected to the offer.

1. That, if the above contract of loan was usurious under the laws of the state of New York, and could not be enforced by action on the ground of its being void, then the $2500 of the judgment so assigned as collateral security remains unpaid, and the validity of the judgment unimpaired.

2. That, the original judgment being unimpaired and nothing alleged against it, nothing occurring subsequent to its rendition can be given in evidence in this suit.

The offer was rejected, " as the record of the judgment is anterior to the contract usurious as alleged, and the assignment to Braddock R. Dunning was of the subsisting judgment, to the extent of $2500 and interest, being a part of the judgment."

A bill of exceptions was sealed for defendant.

No other evidence being offered, the court directed a verdict for the plaintiff for $2500 and interest on that sum.

The jury accordingly found for the plaintiff $2743.25.

The defendant took a writ of error and assigned for error the rejection of his offer of evidence.

*W. H. Jessup,* for plaintiff in error.—The opening of the judgment of itself let in an inquiry to matters occurring after its entry ;

31 P. F. Smith—30

[Van Auken v. Dunning.]

in such cases the substance is looked at, not the form: Gates v. Johnson, 3 Barr 55; Clark v. Douglass, 12 P. F. Smith 408.

By the New York laws, 1 Revised Statutes 772, the rate of interest is fixed at seven per cent. per annum, and all bonds, notes, &c., upon which a greater rate of interest is reserved are declared void. This money being borrowed in New York and no place of payment being fixed, it was payable there, and the contract is governed by the laws of that state: DeWolf v. Johnson, 10 Wheat. 367; Cope v. Alden, 53 Barb. 350; Williams v. Fitzhugh, 37 New York 444. Any security given in payment or discharge of an usurious security is equally void with the original. The original taint of usury attaches to all consecutive obligations and securities growing out of the original vicious transaction: Vickery v. Dickson, 35 Barb. 96; Campbell v. Sloan, 12 P. F. Smith 485; Tate v. Wellings, 3 Term R. 537; Preston v. Jackson, 2 Stark. 237 (212); Bridge v. Hubbard, 15 Mass. 96; Tuthill v. Davis, 20 Johns. 285; Walker v. Bank of Washington, 3 How. 62; Botsford v. Sandford, 2 Conn. 276; Wales v. Webb, 5 Id. 150; Dunning v. Merrill, 1 Clarke C. R. 252; Reed v. Smith, 9 Cowen 647; Steele v. Whipple, 21 Wend. 103; Dow v. Schutt, 2 Den. 621; Harrison v. Hannel, 5 Taunt. 780; Irvin v. Barrett, 2 Grant 73; Belt v. Lent, 24 Wend. 230.

*F. M. Crane* (with whom were *J. Nyce* and *G. G. Waller.*)— The assignment was a Pennsylvania contract: 2 Parsons on Contracts 95. In order that a contract or debt should be avoided as usurious, it is necessary that it should itself be tainted with usury; for if any subsequent contract in payment of the first be usurious, the second contract will be void, and will therefore leave the original contract or debt wholly unpaid, and it may be enforced as if the second had not been made: 2 Parsons on Contracts 392, and authorities there cited.

The offer should have proposed to prove that the contract was not only made but to be performed in New York, in order to subject it to the usury laws of that state: Chapman v. Robertson, 6 Paige 627. As to the character of evidence admissible in an issue on an open judgment: Curtiss v. Slosson, 6 Barr. 265.

Mr. Justice PAXSON delivered the opinion of the court, May 8th 1876.

We see no error in the rejection of the defendant's offer. It was proposed to prove that in the spring of 1873, the defendant made a loan of the sum of $2500, of Braddock R. Dunning, at Middletown, in the state of New York, at the rate of seventeen per cent. per annum; that said loan was usurious by the laws of the state of New York; that with the money thus obtained the defendant paid Everett, the plaintiff in the judgment in controversy,

[Van Auken *v.* Dunning.]

the money due thereon; and in order to secure the said loan, Dunning procured from Everett an assignment of said judgment in Dunning's favor; that the latter now holds the judgment as collateral security for said usurious loan, and for no other purpose. Conceding all this to be true, it would not amount to a defence. The plaintiff would be entitled to recover the $2500, actually loaned to the defendant, with legal interest. It was not alleged that any payment had been made on account of either principal or interest. The case was argued upon the theory that the contract was void by the laws of the state of New York. Had the offer been to show that it was void, we should have had an entirely different question before us. The offer was to show that the contract was usurious. Such contract is void here only for the excess. We have no right to presume it is otherwise in the state of New York.

The judgment is affirmed.