*Negligence — Automobiles — Collisions—Car standing in road—Law of other states—Action brought in Pennsylvania—Case for jury.*

In an action to recover damages for injuries to. automobile, the case was for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the truck of the defendant was left standing without lights in a public highway after dark.

When the cause of action arose in New Jersey the rights of the parties concerned were governed by the law of that state. The law of another state upon a subject involved in the trial of a cause will be presumed to be the same as the law of the forum, in the absence of evidence to the contrary. It is incumbent upon him who alleges that it is different to show what it is to the court, who will judge of the sufficiency of the evidence, and its effect, and instruct the jury accordingly.

A statute of a different state admits of exact proof by a copy, or by presentation of a bound volume of the laws adopted by the legislature and issued under the authority of the state. Decisions of the highest courts of the state appearing in the authenticated reports of such decisions are, if unanswered, a sufficient rebuttal of the presumption that the law of Pennsylvania is the same in this respect as the law of the other state.

Refusal to admit in evidence proof of the existence of the laws of another state in the foregoing manner constitutes error, but where the errors are immaterial and do not prejudice the defendant, the judgment will not be disturbed.

Judgments are not to be reversed in a case in which the court has made a mistake of law; the errors which are fatal to a judgment are such only as may reasonably be held to have worked injury to the cause of the party.


Argued October 5, 1922. Appeal, No. 54, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, July T., 1921, No. 767, on verdict for plaintiff in the case of Bayuk Bros. Inc. v. Wilson Martin Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

196 BAYUK BROS. INC. *v.* WILSON MARTIN CO., Appel.

Trespass to recover damage for injury to automobile. Before Knowles, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $497.80 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, refusal to admit in evidence proof of statutes of New Jersey, and refusal of defendant's motion for judgment non obstante veredicto.

*Jacob Weinstein,* and with him *Joseph J. Fischer,* for appellant.

*C. D. Swartz,* of *Swartz & Campbell,* for appellee.

Opinion by Porter, J., July 12, 1923:

The plaintiff seeks in this action to recover for injuries to its automobile which came into collision with a motor truck of the defendant, which had been left standing, without a light, in the traveled part of a public highway in the State of New Jersey. The collision occurred on November 19, 1920. Witnesses for the plaintiff testified that it occurred at 6:30 o'clock in the evening, when it had for some time been dark, while the employee of the defendant in charge of the truck testified that it happened at half past four o'clock, when it was still light. The court instructed the jury that if the collision took place at a time when it was not yet dark the verdict should be in favor of the defendant. The jury having found in favor of the plaintiff, we must accept it as settled that the truck of the defendant was left standing in the public highway after dark, without any light or other warning of its presence. The plaintiff having recovered a verdict we have this appeal by the defendant.

We agree with the learned counsel for the appellant in much of his criticism of the manner in which this case

was tried in the court below. The cause of action having arisen in New Jersey, the rights of the parties concerned are governed by the law of that state. The law of another state upon a subject involved in the trial of a cause will be presumed to be the same as the law of the forum, in the absence of evidence to the contrary. It is incumbent upon him who alleges that it is different to show what it is to the court, who will judge of the sufficiency of the evidence, and its effect, and instruct the jury accordingly. This appellant offered in evidence the laws of New Jersey for 1899. The learned judge of the court below was of opinion that the only way to prove the law of another state was by calling a lawyer of the jurisdiction to testify as to the law, and overruled the offer. This was clearly erroneous. A statute admits of exact proof by a copy, or by presentation of the bound volumes of the laws adopted by the legislature and issued under authority of the State. Decisions of the highest courts of a state, appearing in the authenticated reports of such decisions are, if unanswered, a sufficient rebuttal of the presumption that the law of Pennsylvania is the same in this respect as the law of that other state: Bollinger v. Gallagher, 170 Pa. 84; Musser v. Stauffer, 192 Pa. 398. Judgments are not, however, to be reversed in all cases in which the court has made a mistake of law; the errors which are fatal to a judgment are such only as may reasonably be held to have worked injury to the cause of the party. The appellant has printed in his paper-book the statute which the court rejected as evidence and we find nothing in it which is essentially different from the law of Pennsylvania upon the same subject. The statute expressly enacts that: "Every automobile shall show at least one white light when standing, such white light to be upon the side of the automobile nearest to the center of the road and shall display at least one red light to the rear when standing." Other provisions of the statute indicate that this regulation is to be effective from thirty minutes after sunset to thirty minutes before sunrise.

The Pennsylvania Act of June 30, 1919, section 20, P. L. 690, contains a similar provision requiring lights upon standing motor vehicles, the only difference in details of the regulation being that it might possibly be held under the Pennsylvania statute that the regulation was only to be enforced from one hour after sunset until one hour before sunrise. It thus appears that if there is any difference between the law of Pennsylvania and that of New Jersey, the former was more favorable to this defendant than the latter. The refusal to receive in evidence the New Jersey statute worked no injury to the cause of the defendant, nor has he any just ground for complaint that his rights were determined under the laws of Pennsylvania, and the first and second assignments of error are overruled.

The learned judge of the court below erred in refusing to permit counsel for the defendant to take a general exception to the charge. This was an error which it is within our power to remedy. We have considered the charge in detail, precisely as if a general exception had been taken at the trial, and find in it no reversible error. The plaintiff was not asserting that the law of New Jersey was different from that of Pennsylvania and the burden was not upon him to prove the law of the first named state. He could rely on the presumption that the law of the place of the injury was the same as that of the forum. The statute of New Jersey, offered in evidence by the defendant, did not warrant the court below in holding that the law of that state was more favorable to the defendant than the law of Pennsylvania. The facts found by the jury established that the defendant had violated the statutory regulations of each of the states. There is no legal excuse for a failure to obey an absolute statutory requirement: Jaras v. Wright, 263 Pa. 486. The questions of the negligence of the defendant and the contributory negligence of the plaintiff were, under the evidence, for the exclusive determination of the jury, and the learned trial judge properly refused binding instruc-

tions in favor of the appellant.   All the assignments of error are overruled.

The judgment is affirmed.