## Semple *v.* Kramer et ux., Appellants.

*Practice, C. P. — Assumpsit — Statement of claim—Averments not denied—Admissions—Joint obligation.*

In an action of assumpsit on a written contract, the statement of claim, which was read into the evidence, averred that the wife entered into the contract on behalf of herself and husband, and that payments on account were made on behalf of both and were cred-

ited to both.  As these allegations of fact were not denied, within the meaning of the Practice Act in the affidavit of defense, they stand admitted, and will support a verdict against both defendants.

*Law of other states—Action brought in Pennsylvania—Presumption.*

In the absence of evidence of the law of another state, it will be presumed to be the same as the law of this State.

Argued March 4, 1924.  Appeal, No. 25, March T., 1924, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1921, No. 961, on verdict for plaintiff, in the case of Mrs. T. Darlington Semple, Trading as the Semple School v. A. N. Kramer and Mrs. A. N. Kramer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit on written contract.  Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff in the sum of $569 and judgment thereon.  Defendant appealed.

*Errors assigned* were the charge of the court and refusal of defendants' motion for judgment non obstante veredicto.

J. *Julius Levy,* of *Kaufman, Mattes & Levy,* for appellants.

Joseph F. *Gunster,* of *Jessup, Gunster & Rose,* for appellee.

OPINION BY LINN, J., April 21, 1924:

Appellants, husband and wife, appeal from judgment against them in assumpsit for an unpaid balance of a boarding-school obligation which the jury found was incurred by them for the education of their minor daughter.  Though a number of disputed questions were

settled on the merits at the trial, appellants present two for our consideration, stated in the brief as follows:

"(1) Whether a joint action can be maintained against husband and wife upon a contract signed in New York City in the State of New York by the wife in her own name,......"

"(2) The place of performance and the place where the contract was made was in New York State. No evidence was offered as to what the law of New York State is relating to the disability of a married woman during coverture to contract. Does the common law apply?"

If these points were not raised below, as appellee contends, we need, of course, not now consider them, (Hanley v. Waxman, 80 Pa. Superior Ct. 274, 276; Maisel v. Corr, 277 Pa. 331, 333) but they are easily disposed of. The first question must be answered in the affirmative. The statement of claim, which was read into the evidence, averred that the wife signed the application on which the child was accepted by the school, on behalf of herself and her husband, and that payments on account were made on behalf of both and were credited to both. As those allegations of fact were not denied within the meaning of the Practice Act in the affidavit of defense, they stood admitted; no evidence was offered to prove the contrary; notwithstanding that, the court submitted the matter to the jury who found for the plaintiff; a contrary finding could not have been sustained.

The second question has been definitely settled against appellants for reasons adequately stated in decisions to which we can add nothing: Bayuk Bros., Inc., v. Wilson Martin Co., 81 Pa. Superior Ct. 195, 197; Bennett v. Caldwell, 70 Pa. 253, 258; Van Auken v. Dunning, 81 Pa. 464, 467.

Judgment affirmed.