## Davidson *v.* Adams Express Company, Appellant.

*Carriers—Common carriers—Limitation of liability—Interstate commerce.*

1. The act of congress of June 29, 1906, 34 Statutes at Large, 584, does not prevent the Pennsylvania courts from continuing to apply the rule that a common carrier cannot contract for exemption from his own negligence, or that of his servants, nor for a limited liability in case of loss from such negligence.

*Contract—Sale—Title.*

2. An absolute sale of goods cannot be shown by evidence to the effect that the owner sent the goods to another person to be sold at a price named, the latter to get his commissions from the buyer of the goods, and in the event that they could not be sold they would be returned to the owner.

Argued Oct. 21, 1909.   Appeal, No. 87, Oct. T., 1909, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1907, No. 1,701, on verdict for plaintiff in case of Abe Davidson, trading as Davidson & Son, v. Adams Express Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for loss of goods.   Before BRÉGY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was, inter alia, in dismissing defendant's motion for judgment non obstante veredicto.

*John Lewis Evans*, with him *Thomas DeWitt Cuyler*, for appellant.

*Alfred Aarons*, with him *Henry N. Wessel*, for appellee.

OPINION BY HENDERSON, J., July 20, 1910:

Two questions are raised on this appeal: (1) Had the plaintiff a title to the goods shipped which will support the action? (2) is the limitation of liability in the bill of lading available to the defendant where the loss occurred through the negligence of the latter the goods having been received in Philadelphia to be transported to the city of New York? The court submitted to the jury the question whether the transaction between the plaintiff and the person to whom the goods were consigned constituted a sale to the consignee or whether they were sent to be sold on account of the plaintiff and if not sold to be returned to him.   The evidence justified this instruction.   The testimony of John Davidson, a witness for the plaintiff, shows with sufficient clearness that the furs were sent to Mr. Aronin in New York to be sold at a price named, the consignee to get his commission from the buyer of the goods and in the event that they could not be sold that they were to be returned to the plaintiff.   The deposition of Jacob Scher while not very explicit on the subject supports to some degree the evidence of Davidson and there is no contradiction on the point.   To have instructed the jury that the evidence showed an absolute sale of the furs would have been erroneous.

The second branch of the case relates to the effect of the amendment of the interstate commerce legislation by the act of congress of June 29, 1906, 34 Statutes at Large, 584, on the law in force in Pennsylvania that a common carrier cannot contract for exemption from his own negligence or that of his servants nor for a limited liability in case of loss from such negligence.   The same question was brought up on the appeal of Wright v. Adams Express Co., ante, p. 40, in which an opinion was handed down

to-day.   The argument in that case covered the same field of inquiry and followed the same lines of discussion employed in this case.   Our conclusion was adverse to the positions taken by the appellant, and, for the reasons given in the opinion referred to, the first, second and third assignments are overruled.   The other assignments relate to the plaintiff's title and right to sue and have already been disposed of.

The judgment is affirmed.