## Howard *v.* American Express Company, Appellant.

*Common carriers—Carriers—Express companies—Form of action—Trespass—Contract—Negligence—Limitation of liability.*

1. An action of trespass may be maintained against a common carrier for negligence in transporting goods, although a contract may have been entered into between the shipper and the carrier.

2. Where goods which have been delivered to an express company have been destroyed in transitu through the negligence of the carrier, the owner is entitled to recover their full value, although the owner's agent who did not know the value of the goods, and therefore could not state the value, had accepted a receipt in which the company had limited its liability to a sum much less than the real value of the goods.

3. In Pennsylvania a common carrier cannot contract against his own negligence.

*Evidence—Conflict of laws—Lex fori.*

4. The law of another state will be presumed to be the same as that of the lex fori in the absence of evidence to the contrary. This rule is applicable in an action against a carrier to recover for goods shipped from Pennsylvania into another state and destroyed in the other state.

Argued April 18, 1911. Appeal, No. 18, April T., 1911, by defendant, from judgment of C. P. Washington Co., Aug. T., 1907, No. 160, on verdict for plaintiff in case of Mabel Howard v. American Express Company. Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover for loss of goods. Before MCILVAINE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $307. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*John G. Frazer,* with him *Irwin & Wiley* and *Reed, Smith, Shaw & Beal,* for appellant.—The acceptance by the agent of a shipper of a shipping receipt issued by a carrier at the time a shipment is made, constitutes a contract between the parties, the terms of which are contained in the receipt; and in an action of trespass based on the common-law liability of a carrier, when such a receipt is offered in evidence by plaintiff, the court should direct a verdict for the defendant on the ground of a variance: Nelson v. Hudson River R. R. Co., 48 New York 498; Squire v. N. Y. C. R. R. Co., 98 Mass. 239; Brown v. L. & N. R. R. Co., 36 Ill. App. 140; Crary v. R. R. Co., 203 Pa. 525; Jacobs v. R. R. Co., 208 Pa. 535; Goodman v. Transportation Co., 3 Pa. Superior Ct. 282; Farnham v. Railroad Co., 55 Pa. 53; Hostetter v. B. & O. R. R. Co., 11 Atl. Repr. 609; Cau v. Tex. & Pac. R. R. Co., 194 U. S. 427 (24 Superior Ct. Repr. 663); Allam v. R. R. Co., 183 Pa. 174; Willock v. R. R. Co., 166 Pa. 184.

When goods are shipped from Pennsylvania into Ohio and are destroyed in Ohio, recovery against the carrier is governed by the decisions of the courts of Ohio and not by the courts of Pennsylvania: Burnett v. R. R. Co., 176 Pa. 45; Trexler v. R. R. Co., 28 Pa. Superior Ct. 207; Stewart v. R. R. Co., 37 Pa. Superior Ct. 273; Penna. Co. v. Shearer, 75 Ohio St. 249 (79 N. E. Repr. 431).

The acceptance and retention of the receipt constituted a valid contract under the decisions of the Supreme Court of Ohio: Cinn., Hamilton & Dayton R. R. Co. v. Pontius & Richmond, 19 Ohio St. 221; Gaines v. Transportation & Insurance Co., 28 Ohio St. 418.

*Vernon Hazzard,* for appellee.—The plaintiff was entitled to bring an action of trespass: Eckert v. R. R. Co., 211 Pa. 267.

Even if the proof disclosed a contractual relation between the parties, yet the recovery would not be limited

to fifty dollars; Blackburn v. Adams Express Company, 43 Pa. Superior Ct. 276; Davenport v. R. R. Co., 10 Pa. Superior Ct. 47; Schaeffer v. R. R. Co., 168 Pa. 209.

If the introduction of the express receipt established a contract, still defendant would be liable under the common-law liability for negligence: Wright v. Adams Express Co., 43 Pa. Superior Ct. 40; Lloyd v. Haugh & Keenan Storage & Transfer Co., 223 Pa. 148.

The law of another state will be presumed to be the same as that of the forum, in the absence of evidence to the contrary: Musser v. Stauffer, 178 Pa. 99, 192 Pa. 398; Bollinger v. Gallagher, 144 Pa. 205; Key-stone Wrapping Machine Co. v. Bromeier, 42 Pa. Superior Ct. 384; Hughes v. R. R. Co., 202 Pa. 222.

Moreover the law of Ohio and the decision of the Ohio courts, instead of being different from that which obtains in Pennsylvania, is practically the same: Donlon Bros. v. Southern Pacific Co., 12 Am. & Eng. Annotated Cases, 1118.

OPINION BY HENDERSON, J., July 13, 1911:

The defendant is a common carrier engaged in the transportation of merchandise and other property and as such received some packages of goods belonging to the plaintiff to be transported from Pittsburg to Youngstown, Ohio. Demand was made for the goods at the destination but they were not obtained, an employee of the defendant informing the plaintiff that they had been burned. The neglect to deliver the goods being persisted in, the plaintiff brought an action of trespass to recover damages for the defendant's default. It appearing without denial that the property was accepted by the company for shipment and that it was not delivered at its destination to the owner or to any person for her although repeated demand was made therefor, a prima facie case was made out, for it is not pretended that the company accounted for the loss of the property in such a way as to relieve itself from the charge of negligence. All the information the plaintiff

received was that the property had been burned in some manner not explained in such a way as to exempt the carrier from the presumption of negligence.  It is contended, however, on behalf of the defendant that the action cannot be maintained because it appeared in the course of the trial that a contract existed between the plaintiff and defendant defining the terms under which the transportation of the property was undertaken and limiting the liability of the carrier.  This alleged contract is a receipt given by an agent of the express company to the agent of the storage company from whose warehouse the goods were taken to the express office which, in addition to the acknowledgment of the receipt of the goods to be forwarded to the destination, contains terms and conditions on which the shipment of the goods was made.  The particular condition relied on by the appellant is that the liability of the company is limited to $50.00 unless the just and true value is stated in the receipt and an extra charge is paid or agreed to be paid therefor based upon such higher value.  This provision the appellant claims limits its liability to $50.00 notwithstanding the fact that the value of the goods was $387, because the value of the property was not stated at the time of the delivery to the express company.  From the evidence it appears that the agent of the storage company did not know the value of the packages and so stated to the agent of the defendant. For that reason the receipt delivered contained no statement of value.  That the carrier cannot contract against his own negligence has been so frequently held to be the law in Pennsylvania that a citation of cases need not be now made.  On the case as presented by the plaintiff the liability of the defendant was therefore shown.  It is contended, however, that the fact having been developed that the receipt was given and accepted at the time of shipment the responsibility of the defendant was under a special contract and that an action of trespass cannot be maintained, the right of the plaintiff being in accordance with the provisions of the contract.  If the plaintiff were

seeking to enforce a contract her demand would be controlled by the agreement out of which her action grew, but the case is not based on a contract. It has its foundation in the fact alleged that the defendant owed a duty to the plaintiff to carry safely and deliver the property, which duty it negligently failed to perform. The provision of the receipt limiting the liability of the carrier was void as against a loss through negligence and it was not incumbent on the plaintiff to plead such a contract or to base an action thereon: 1 Saunders Pl. & Ev., *200; Miles v. Sheward, 8 East. 7. The defendant's duty did not result from, nor was it measured by, the terms of the receipt. The acceptance of the property for carriage established the duty in accordance with the rule of liability existing at common law. This might be modified by agreement but not in a way to relieve the company from the penalty for its own negligence. Every undertaking to carry for hire involves a contract either express or implied and there would not seem to be a logical distinction between express and implied contracts with reference to the form of action. It is consistent with the relation of the parties and the wrong alleged to prosecute a claim for damages in an action of trespass, even if a contract existed. It was said by Lord ELLENBOROUGH in Govett v. Radnidge, 3 East. 62, that "there is no inconvenience in suffering the plaintiff to allege his gravamen as consisting in a breach of duty arising out of an employment for hire and to consider that breach of duty as tortious negligence instead of considering the same circumstances as forming a breach of promise implied from the same consideration of hire." And this applies as well to express as implied contracts where the defendant owes a duty to the plaintiff as in the case of innkeepers, bailees and common carriers: 1 Saunders Pl. & Ev., *26. The doctrine is stated in 1 Chitty on Pl., *135, that though there be an express contract, still if a common law duty result from the facts the party may be sued in tort for any neglect or misfeasance in the execution of the contract; and this is in har-

mony with the decisions in numerous English cases. A review of them is found in the opinion of Chief Justice SAVAGE in Orange Bank v. Brown, 3 Wend. 158, in which the same rule is declared. McCall v. Forsyth, 4 W. & S. 179; Porter v. Hildebrand, 14 Pa. 129, and Eckert v. P. R. R. Co., 211 Pa. 267, accept this as the correct doctrine. In the latter case the court held it to be settled that for negligence by a common carrier in transporting goods intrusted to it the shipper may at his election bring an action ex contractu or ex delicto. If, therefore, the plaintiff might have maintained an action ex contractu he is within the pale of his right in asserting his claim in an action of trespass. The defendant's obligation did not grow out of the delivery of the receipt. That document contained no promise to transport the goods securely and deliver them to the plaintiff at the end of the route. The law put this obligation on it and it was the negligent violation of this duty which created the liability. There was not any variance therefore between the plaintiff's declaration and her evidence. All the testimony went to show a state of facts out of which arose the duty of the defendant to carry the goods to Youngstown and its failure so to do without any evidence of such excuse as the law recognizes as sufficient to exempt from responsibility. The receipt was admissible as evidence to identify the property and show its delivery to the defendant. It was not offered as the basis of the plaintiff's claim. The following are some of the cases in which trespass was the form of action adopted to enforce claims against common carriers for loss of, or damage to, property in the course of shipment, where receipts or contracts for carriage were issued by the carrier: Grogan & Merz v. Adams Express Co., 114 Pa. 523; Weiller v. Penna. R. R. Co., 134 Pa. 310; Schaeffer v. P. & R. R. Co., 168 Pa. 209; Rowdin v. P. R. R. Co., 208 Pa. 623; Eckert v. Penna. R. R. Co., 211 Pa. 267; Davidson v. Express Co., 43 Pa. Superior Ct. 53.

The case of Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396, on which the appellant relies was an action

against a connecting company for damage to property received from the initial carrier, which had undertaken the shipment on a special contract at a reduced rate according to the terms of which it became liable only to the extent to which a private carrier or bailee would be liable, and as it was developed in the presentation of the plaintiff's case that this contract existed, it was held that the defendant was entitled to the protection of it and that its liability was to be measured by it, but it is not an authority for the proposition that an action in trespass cannot be maintained against a common carrier for negligence in transporting goods because a contract was entered into between the shipper and the carrier. If it had that effect it must give way before the authorities to which we have already referred.

The position taken in the argument that when goods are shipped from Pennsylvania into Ohio and are destroyed in Ohio recovery against the carrier is governed by the decisions of the courts of Ohio and not of the courts of Pennsylvania, is not supported by any evidence as to the law of Ohio if the position were tenable in other respects. Before we can be called upon to administer the law of the state of Ohio we must have evidence of what that law is. The law of another state will be presumed to be the same as that in the lex fori in the absence of evidence to the contrary: Musser v. Stauffer, 178 Pa. 99; Keystone W. Machine Co. v. Bromeier, 42 Pa. Superior Ct. 384.

The contention that the provisions of a shipping receipt issued for an interstate shipment of merchandise are to be construed according to the decisions of the United States courts and not of the courts of this state was not pressed at the argument as the same question was considered in Wright v. Adams Express Co., 43 Pa. Superior Ct. 40, and by the Supreme Court in the same case, 230 Pa. 635, with a result contrary to the position taken by the appellant.

The assignments are overruled and the judgment affirmed.