## Zahloot, Appellant, *v.* Adams Express Company.

*Common carriers—Carriers—Limitation of liability—Contract—Conflict of laws.*

Where a contract containing a stipulation limiting liability for negligence is made in one state, but with a view to its performance by transportation through, or into one or more other states, it will be construed in accordance with the law of the state where its negligent breach, causing injury, occurs. If such a contract comes under construction in a state like Pennsylvania, whose policy prohibits such exemption, and the injury has occurred in a state where the contract is valid, the stipulation will be enforced; but if the injury has taken place within the limits of Pennsylvania, the courts here will declare the contract null and void.

Argued May 9, 1912. Appeal, No. 183, April T., 1912, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 1,483, for plaintiff on case stated in suit of M. A. Zahloot v. Adams Express Company. Before RICE, P. L., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the value of a shipment of oriental rugs.

SHAFER, J., stated the facts to be as follows:

The action is assumpsit in which the parties have agreed upon a case stated in the nature of a special verdict, from which it appears that the plaintiff is a dealer in oriental rugs in Pittsburg, and that in September, 1911, he desired to ship certain rugs to a consignee in New York city; that an employee of the defendant came to his place of

business for the purpose of receiving the shipment, and received the goods and gave the plaintiff a bill of lading in the ordinary form used by the company, a copy of which is made part of the case stated, writing on it "Value not given." The charges were to be collected from the consignee. The regular rate of transportation for carrying rugs such as those shipped by the plaintiff was sixty cents if their value was $50.00 and under, and $1.10 if their value was $545, these rates being part of the schedule filed with the interstate commerce commission in accordance with the statutes of the United States, the plaintiff however having no actual knowledge of the schedule of rates and no knowledge that the express charges were based on the value; and he had before that time shipped rugs by the defendant company, in which case the value was marked on the bill of lading. The bill of lading contains an agreement limiting the liability of the express company to $50.00 for a shipment of 100 pounds or less. It is further agreed that the package was never delivered to the consignee, but through the negligence of defendant was lost in the city of New York, and that the value of the package was $545 and its weight fifteen pounds. It is also agreed that the clause in the bill of lading limiting the liability to $50.00 unless a greater amount is declared is held by the courts of Pennsylvania to be invalid, and on the other hand is valid and enforcible under the laws of the state of New York, and that a tender of $50.00 was duly made to the plaintiff by the defendant. It is then agreed that if the court is of opinion that the plaintiff is entitled to receive the full amount of the value of the rugs, judgment shall be entered in his favor for $545 and costs; if not, judgment shall be entered for $50.00 without costs.

The trial judges entered judgment for plaintiff for $50.00 without costs on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*William Arnot Wilson*, for appellant.

*Charles F. Patterson*, for appellee.

Per Curiam, May 13, 1912:

In Hughes v. Penna. R. R. Co., 202 Pa. 222, it was pertinently suggested in the opinion of Mr. Justice Potter, and for sound reasons, that it will not do to apply to the contracts of common carriers all the principles that may apply to other contracts. If this be kept in view, it will be seen that the rule as hereafter stated that was laid down in that case does not conflict in principle with the rule recognized and applied in other contracts. At any rate, it was distinctly declared upon full and elaborate consideration as follows: "Where a contract containing a stipulation limiting liability for negligence, is made in one state, but with a view to its performance, by transportation through or into one or more other states, we see no reason why it should not be construed in accordance with the law of the state, where its negligent breach, causing injury, occurs. If such a contract comes under construction, in a state like Pennsylvania whose policy prohibits such exemption, and the injury has occurred in a state where the contract is valid, the stipulation will be enforced, as in Forepaugh v. R. R. Co., 128 Pa. 217, and in Fairchild v. R. R. Co., 148 Pa. 527. But if the injury has taken place within its limits, it will declare the contract null and void, as in Burnett v. R. R. Co., 176 Pa. 45." This rule was recognized and applied by this court in Trexler v. B. & O. R. R. Co., 28 Pa. Superior Ct. 207; and as applied to the stipulation that was under consideration in that case, and is under consideration in the present case, we cannot see that any public policy of our state is contravened. Notwithstanding the able and learned argument of counsel for appellant we are of opinion that the rule should be adhered to in this class of cases. It follows, in view of the agreed fact that the clauses of the express receipt in question "are upheld valid and enforceable under the

laws of the State of New York" where the negligent breach of contract causing injury, occurred, that the court was right in holding that the $50.00 limitation was valid and controlling, and entering judgment accordingly.

Judgment affirmed.