## Dooley v. New York Central & Hudson River Railroad Company, Appellant.

*Common carriers—Railroads—Passing of title to goods—Evidence—Form of action.*

In an action against a railroad company to recover damages for injuries to a soda fountain resulting from the negligent act of

the defendant while the fountain was in its possession, a judgment on a verdict in favor of the consignor will be sustained, where the evidence for the plaintiff tends to show that the fountain was sold to the consignee under an agreement that it was to be bought by the consignee only after it was put up in his store in good condition and ready for use.

For negligence by a common carrier in transporting goods entrusted to it, the shipper may at his election bring either an action ex contractu or an action ex delicto.

Argued Oct. 25, 1915. Appeal, No. 76, Oct. T., 1915, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1914, No. 493, on verdict for plaintiff in case of C. W. Dooley, Leslie Stewart and Wade I. Stewart, trading as Dooley & Stewart, v. New York Central & Hudson River Railroad Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before BELL, P. J.

At the trial it appeared that on April 9, 1914, plaintiffs delivered to the defendant, a railroad company, at its station in Clearfield, Pennsylvania, a soda water fountain for shipment to M. Barron, Madera, Pa., naming themselves as shippers and M. Barron, consignee. Upon arrival of the fountain at Madera it was found to be injured. M. Barron took it to his store, installed it and kept it. Barron testified that he bought the fountain under an agreement that he was not actually to purchase it until after it had been put up in his store in good running order and ready for use. He also stated that it was entirely the property of the plaintiffs and still was their property.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $203.25. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Hazard A. Murray,* with him *Thomas H. Murray* and *James P. O'Laughlin,* for appellant.—When goods are delivered to the carrier and consigned generally to a purchaser at the city of his business and without any particular place of delivery designated, the title of the consignor passes upon delivery of goods to the carrier: Bacharach v. Freight Line, 133 Pa. 414; Pittsburgh Glass Co. v. Doubleday, 2 Pa. Superior Ct. 170; Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Shumaker v. Eby, 24 Pa. 521; Philadelphia & Reading Ry. Co. v. Wireman, 88 Pa. 264.

*W. C. Miller,* for appellee.—The most that the defendant could ask was to have the question as to the ownership of the fountain submitted to the jury. This was done by the court. Their verdict is a finding in favor of the plaintiffs: Sloss Sheffield, S. & I. Co. v. Tacony Iron Company, 54 Pa. Superior Ct. 11; Miller v. Seaman, 176 Pa. 291; Dannemiller v. Kirkpatrick, 201 Pa. 218.

OPINION BY TREXLER, J., March 1, 1916:

In view of the verdict of the jury in favor of the plaintiff, we must accept his version of the transaction. A soda fountain was delivered to the defendant, a common carrier, to be transported by it, and turned over to the consignee at destination. It was to be bought by the consignee after it was put up in his store in good condition and ready for use. No title passed and no liability was imposed upon the intending purchasers, until the soda fountain was delivered, "put up in good running order." It was damaged in transit and the consignor brought suit for his loss. Did he have the right to maintain the action? "In the absence of an agreement to the contrary when a vendor sells goods to a vendee residing at a distance, a delivery of the goods to a carrier for transportation is a delivery to the purchaser. And especially is this true when a bill of lading

naming the purchaser as consignee is transmitted to and received by the purchaser. The delivery to the carrier vests the title to the property in the purchaser, and the risks of transportation must be assumed by him. This rule, however, does not obtain where the parties have otherwise stipulated in their agreement. If it is the intention of the parties, and it so appears from the contract, that delivery is to take place at the destination of the property, and that the title is to remain in the consignor until that time, then delivery to the carrier does not divest the title of the vendor to the property, nor pass it to the purchaser, until it reaches its destination, and the hazards of transportation are at the risk of the consignor. It, therefore, becomes a question in cases of this character as to where the delivery of the goods is to be made and when the title is to pass to the purchaser. If the facts are not in dispute it is a question of law for the court, but if the evidence is conflicting the question must be determined by a jury: Dannemiller v. Kirkpatrick, 201 Pa. 224." See also Miller v. Seaman, 176 Pa. 291; Sloss-Sheffield Co. v. Tacony Iron Co., 54 Pa. Superior Ct. 12; Braddock Glass Co. v. Irwin & Co., 153 Pa. 440 (443). There was some dispute as to when the title actually passed, and this required a submission to the jury.

The action is in assumpsit. Defendant contends that trespass was the proper form of action. For negligence by a common carrier in transporting goods entrusted to it, the shipper may at his election bring either an action ex contractu or an action ex delicto: Eckert v. Penn. R. R. Co., 211 Pa. 267 (277); Stanton v. P. & R. R. Co., 236 Pa. 419.

The assignments of error are overruled. The judgment is affirmed.