Opinion by
 

 Rhodes, J.,
 

 Plaintiff, by an action in assumpsit, sought to recover from defendant, a common carrier by motor truck, the value of angora yarn which, it is alleged, defendant failed to deliver. The yarn in question was part of a shipment from plaintiff’s place of business in Philadelphia to the consignee in Brooklyn, N. Y. The trial judge, sitting without a jury, found for plaintiff. Defendant’s motions for judgment in its favor n. o. v. and for a new trial were dismissed. Judgment was entered for plaintiff on the finding, and defendant has appealed.
 

 Error is assigned to the dismissal of said motions, to the refusal of defendant’s requests for findings, and to the affirmance of plaintiff’s requests.
 

 Viewed in the light most favorable to plaintiff, as it must be upon such review, there wasi evidence from which the trial judge could find the following facts: On September 20, 1935, defendant received from plaintiff, at the latter’s place of business in Philadelphia, a case containing 276 boxes of angora yarn, being returned for credit, consigned to the Universal Trading House, Brooklyn, N. Y. The case was in good condition, with no broken boards or openings. Defendant gave plaintiff a receipt containing various terms and condi
 
 *4
 
 tions, among which was the following:
 
 “2.
 
 In' consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding $50 for any shipment of 100 lbs. or less and not exceeding $.50 per pound actual weight for any shipment in excess of 100 lbs. unless a greater value is declared at time of shipment, the shipper agrees that the company shall not be liable in any event for more than $50 for any shipment of 100 lbs. or less, or for more than $.50 per pound, actual weight for any shipment weighing more than 100 lbs. unless a greater value is stated herein.”
 

 When defendant attempted to deliver the case to the consignee it was broken, some of the boards were loose, and the consignee refused to accept it. Thereafter, one Woods, a representative of the latter, called at defendant’s terminal, and took the merchandise without the case. The merchandise so removed consisted of 111 boxes of yarn. When Woods insisted upon marking the receipt to show that he had obtained only 111 boxes, an altercation ensued between him and one of defendant’s employees, as the result of which he was beaten, and was never able to mark the receipt as he had requested.
 

 There was a conflict in the testimony as to the size and capacity of the packing case in which the yarn was shipped; but two witnesses, who were present when the case was packed, testified positively that it had contained 276 boxes of yarn when delivered to defendant.
 

 Appellant contends that appellee cannot recover because it failed to prove that the former was negligent, and that, in any event, appellant’s liability was limited to the value set forth in the paragraph of the shipping receipt above quoted.
 

 We agree with the conclusion of the learned court below that appellee is entitled to recover the actual
 
 *5
 
 value of the goods not delivered. Since much of the argument relates to the clause containing the limitation of appellant’s liability to appellee, and as the validity of that clause depends upon the law to be applied, that feature of the case will receive first consideration. The rule has long prevailed in the federal courts that a common carrier “may, by a fair, open, just, and reasonable agreement, limit the amount recoverable by a shipper in case of loss or damage to an agreed value, made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk”:
 
 Adams Express Co. v. Croninger,
 
 226 U. S. 491, at page 509, 57 L. Ed. 314, at page 321. See, also,
 
 Hart v. Pennsylvania Railroad Co.,
 
 112 U. S. 331, 28 L. Ed. 717. In
 
 Grogan & Merz v. Adams Express Co.,
 
 114 Pa. 523, 7 A. 134, our Supreme Court expressly declined to follow that rule, and adhered to its declared doctrine which denied that right of a common carrier to thus limit its liability for injuries resulting from negligence. Such action does not constitute an unlawful attempt to regulate interstate commerce, in the absence of congressional action providing a different measure of liability when contracts such as that involved in the instant case are made in relation to interstate carriage.
 
 Pennsylvania Railroad Co. v. Hughes et al.,
 
 191 U. S. 477, 48 L. Ed. 268.
 

 Prior to the Motor Carrier Act, 1935 (Feb. 4, 1887, c. 104, pt. 2, §201 et seq., as added, Aug. 9, 1935, c. 498, 49 Stat. 543, 49 U. S. C. A. §301 et seq.), the Interstate Commerce Act, and its amendments, 49 U. S. C. A. §1 et seq., as related to the limitation of a carrier’s liability for injury to goods caused by its negligence, did not affect interstate transportation by motor vehicles. In
 
 Pennsylvania Railroad Co. v. Public Utilities Commission of Ohio,
 
 298 U. S. 170, at page 174, 80 L. Ed. 1130, 1132, 1133, the Supreme Court, in an opinion by Mr. Justice Caudozo, said: “The Interstate Com
 
 *6
 
 merce Act (49 U. S. C. A. §1 et seq.) is aimed at common carriers exclusively, §1 (1), (3), and not even at all these. With exceptions plainly unrelated to this case, §1 (1), (b), (c), carriers, even though common, are unaffected by the act unless they are carriers wholly by railroad, or if partly by railroad and partly by water, are operating under ‘a common control, management, or arrangement for a continuous carriage or shipment.’ §1 (1), (a). Cf.
 
 Cincinnati, N. O. & T. P. Ry. Co. v. Interstate Commerce Comm’n,
 
 162 U. S. 184, [40 L. ed. 935, 16 S. Ct. 700, 5 Inters. Com. Rep. 391]; Louisville
 
 & N. R. Co. v. Behlmer,
 
 175 U. S. 648, [44 L. ed. 309, 20 S. Ct. 209];
 
 Standard Oil Co. v. United States (C. C. A. 2d)
 
 179 Fed. 614;
 
 Mutual Transit Co. v. United States (C. C. A. 2d)
 
 178. Fed. 664.” See, also,
 
 Hartzfeld v. Bloom,
 
 127 Pa. Superior Ct. 323, 193 A. 386. The Motor Carrier Act, 1935, 49 U. S. C. A. §301 et seq., extended to common carriers by motor vehicle the provisions of the Interstate Commerce Act governing the limitation of liability by a common carrier in receipts or bills of lading. 49 U. S. C. A. §319. However, that act did not by its terms become effective until October 1, 1935 (49 U. S. C. A. §327), which was subsequent to the date upon which the cause of action in the present case arose.
 

 Therefore, we conclude that the application of the Pennsylvania rule, which involves the limitation of liability relied upon by appellant, does not deprive appellant of any right to which it is entitled by virtue of the Constitution and statutes of the United States.
 

 It is the settled policy of this state that a common carrier may not limit its liability for negligence by contract.
 
 Grogan & Merz v. Adams Express Co.,
 
 supra;
 
 Ruppel v. Allegheny Valley Railway,
 
 167 Pa. 166, 31 A. 478;
 
 Eckert v. Pennsylvania Railroad Co.,
 
 211 Pa. 267, 60 A. 781. But appellant claims that the action is assumpsit based on a contract of which the limitation
 
 *7
 
 is part, and that appellee cannot assert the contract and resist enforcement of a portion thereof inimical to recovery. The answer to this is twofold. In the first place, the liability of a common carrier for goods entrusted to it for transportation does not arise from contract, but is cast upon the carrier by the law.
 
 Dodge v. Adams Express Co.,
 
 51 Pa. Superior Ct. 481. The mutual rights and duties of the parties exist by virtue of their relationship, independent of express contract. See
 
 Eckert v. Pennsylvania Railroad Co.,
 
 supra. The great number and variety of receipts and bills of lading issued by common carriers, disclosed by the cases where they came under consideration, are almost always silent concerning the obligation assumed by the carrier, but are replete with terms by which that obligation is sought to be restricted. It is evident that they recognized that the law has defined the duty of the carrier, and writing the words into the instrument would merely render visible that which is already a part of the contract. Accordingly, it is held that, for negligence by a common carrier in transporting goods entrusted to it, the shipper may, at his election, bring either an action ex contractu or an action ex delicto.
 
 Eckert v. Pennsylvania Railroad Co.,
 
 supra;
 
 Dooley v. New York Central & Hudson River Railroad Co.,
 
 62 Pa. Superior Ct. 237;
 
 Howard v. American Express Co.,
 
 47 Pa. Superior Ct. 416. Secondly, the clause in question, being opposed to the policy of this state, will not have the aid of its courts. In
 
 Swing v. Munson,
 
 191 Pa. 582, 43 A. 342, an action to recover on premium notes, given by defendant to a fire insurance company, the defense was that the company had not complied with the statutory requirements precedent to doing business in Pennsylvania. It was argued there, as it is argued analogously in the instant case, that, the defendant having had the benefit of the contract, it was inequitable to permit him to escape his share of the losses. As to this
 
 *8
 
 our Supreme Court said, through Mr. Justice Dean, at page 588: “This argument would have weight if the parties alone concerned were Munson and the insurance company; but, in enforcing a policy in the interests of the whole public, the law takes but little note of the conduct of the immediate parties to the contract; the rule is, that courts, having in view public interests, will not lend their aid to the enforcement of an unlawful contract:
 
 Mitchell v. Smith,
 
 1 Binn. 118;
 
 Holt v. Green,
 
 73 Pa. 198;
 
 Johnson v. Hulings,
 
 103 Pa. 498, and many other cases.”
 

 Notwithstanding these conclusions, appellant contends that the law of New York, where it is valid, governs the contract at bar. This question: was not raised in, or considered by, the court below, and is not the subject of an assignment of error. For each of these reasons it could be ignored. See
 
 Foulk et al. v. Hampton,
 
 299 Pa. 272, 149 A. 486;
 
 Weller et al. v. Grange Mut. Casualty Ins. Co. of Harrisburg,
 
 105 Pa. Superior Ct. 547, 161 A. 615. However, we shall discuss some other legal principles which make the position untenable. The rule to be applied when a conflict arises as to the law applicable to a common carrier’s contract of carriage is enunciated in
 
 Hughes et al. v. Pennsylvania Railroad Co.,
 
 202 Pa. 222, 51 A. 990, affirmed, 191 U. S. 477, 48 L. Ed. 268, where our Supreme Court, in an opinion by Mr. Justice Potter, said at page 228: “Where a contract containing a stipulation limiting liability for negligence, is made in one state, but with a view to its performance by transportation through or into one or more other states, we see no reason why it should not be construed in accordance with the law of the state, where its negligent breach, causing injury, occurs. If such a contract comes under construction, in a state like Pennsylvania whose policy prohibits such exemption, and the injury has occurred in a state where the contract is valid, the
 

 
 *9
 
 stipulation will be enforced, as in
 
 Forepaugh v. R. R. Co.
 
 [128 Pa. 217, 18 A. 503], and in
 
 Fairchild v. R. R. Co.
 
 [148 Pa. 527, 24 A. 79]. But if the injury has taken place within its limits, it will declare the contract null and void, as in
 
 Burnett v. R. R. Co.
 
 [176 Pa. 45, 34 A. 972]. In the Fairchild case, as the injury occurred in Maryland, this court enforced the law of that state; if the injury to the horse had been delayed until in the course of the journey, it had reached Pennsylvania, our own law of public policy would haVe controlled.”
 

 This pronouncement has been followed in many subsequent cases.
 
 Trexler v. Baltimore & Ohio Railroad Co. (No. 2),
 
 28 Pa. Superior Ct. 207;
 
 Stewart v. Baltimore & Ohio Railroad Co.,
 
 37 Pa. Superior Ct. 273;
 
 Zahloot v. Adams Express Co.,
 
 50 Pa. Superior Ct. 238;
 
 Geyer v. United States Express Co. (No. 1),
 
 50 Pa. Superior Ct. 301;
 
 Taylor v. Adams Express Co.,
 
 52 Pa. Superior Ct. 449. Its application presupposes that two vital facts are before the court: (1) The place of loss or injury; (2) the law of such place. The record before us lacks both. It is not revealed where the “negligent breach, causing injury [occurred].” Again, “before we can be called upon to administer the law of the state of [Hew York] we must have evidence of what that law is. The law of another state will be presumed to be the same as that in the lex fori in the absence of evidence to the contrary:
 
 Musser v. Stauffer,
 
 178 Pa. 99 [35 A. 709];
 
 Keystone W. Machine Co. v. Bromeier,
 
 42 Pa. Superior Ct. 384”:
 
 Howard v. American Express Co.,
 
 supra, 47 Pa. Superior Ct. 416, at page 422. With some plausibility, counsel for appellant argues that with briefs of counsel and modern library facilities available the void is filled, and that the time to apply the maxim
 
 cessante ratione cessat ipsa lex
 
 has arrived. The argument may be appealing, but the rule above quoted has long existed in Pennsylvania
 
 (Howard v.
 
 
 *10
 

 American Express Co.,
 
 supra;
 
 Musser v. Stauffer,
 
 178 Pa. 99, 35 A. 709;
 
 Keystone Wrapping Machine Co. v. Bromeier,
 
 42 Pa. Superior Ct. 384;
 
 Bank of America National Trust and Savings Ass’n v. Sunseri et al.,
 
 311 Pa. 114, 116 A. 573;
 
 General Motors Acceptance Corporation v. Foley,
 
 311 Pa. 477, 166 A. 909;
 
 Craver’s Estate,
 
 319 Pa. 282, 179 A. 606;
 
 Tishman Realty & Const. Co., to Use, v. Vickerman,
 
 112 Pa. Superior Ct. 540, 172 A. 9), and this court has no alternative but to recognize and apply it.
 

 It follows that the contract in question must be tested by the law of Pennsylvania, and the limitation of liability does not apply if the loss was due to appellant’s negligence.
 
 Grogan & Merz v. Adams Express Co.,
 
 supra;
 
 Weiller v. Pennsylvania Railroad Co.,
 
 134 Pa. 310, 19 A. 702;
 
 Ruppel v. Allegheny Valley Railway,
 
 supra;
 
 Adams Express Co. v. Holmes, to Use,
 
 6 Sad. 167. On this point there is no difficulty. There was ample evidence that the case containing the yarn was in good condition when entrusted to the carrier, with no openings or broken boards, but was broken and damaged, with part of the contents missing, when the carrier attempted to make delivery to the consignee. In the absence of explanation — and there was none — as to how the loss occurred, it was proper for the trial judge to find that the loss was due to appellant’s negligence.
 
 Grogan & Merz v. Adams Express Co.,
 
 supra;
 
 Buck v. Pennsylvania R. R. Co.,
 
 150 Pa. 170, 24 A. 678;
 
 Vuille v. Pennsylvania Railroad Co.,
 
 42 Pa. Superior Ct. 567;
 
 Wray, Moore & Co. v. American Ry. Exp. Co.,
 
 75 Pa. Superior Ct. 425.
 

 The credibility of thq witnesses was for the trial judge, sitting without a jury, as a trier of the facts. There was some conflict in the testimony as to the exact dimensions and as to the identity of the packing case in which the yarn was packed, and in which it was tendered to consignee by appellant. There was positive
 
 *11
 
 testimony as to the number of boxes packed into the case which was delivered to appellant for transportation. There was also similar testimony as to the number of boxes received by the consignee in Brooklyn, N. Y. The trial judge found that there were 276 boxes of yarn packed and delivered for transportation to appellant, and that appellant delivered to the consignee only 111 boxes. There being evidence to support these findings, no reason has been advanced for this court to set them aside.
 

 Appellant criticizes the reasoning, as well as the conclusions, of the court below. As to this we recently stated in
 
 Tomko v. Feldman,
 
 128 Pa. Superior Ct. 429, at page 435, 194 A. 338, at page 341: “It affords no comfort to appellant that the court below arrived at what we believe to be a correct conclusion by reasoning which does not have our approval. As was said in
 
 Fullerton’s Estate,
 
 146 Pa. 61, at page 63, 23 A. 321: ‘It is the decree, to which error lies. If that is right, it is of little moment what course of reasoning led up to it.’ ”
 

 Assignments of error are overruled.
 

 Judgment is affirmed.