## Koska Estate.

520

Argued September 28, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Fred C. Pace,* with him *Z. F. Rynkiewicz,* for appellant.

*Henry Houck,* with him *W. J. Krencewicz,* for appellee.

OPINION BY ERVIN, J., November 9, 1954:

Bronislawa Koska, who died December 5, 1950, left a will in which she directed the payment of her debts

and funeral expenses. She named her son by a prior marriage executor. Her husband, Kazimierz Koska, paid $1,123.20 for funeral expenses and $385.00 for tombstone. This appeal is from the lower court's refusal to allow his claim for reimbursement from his wife's estate. The lower court found, from uncontradicted testimony, that the husband, after his wife's decease, stated to one of her daughters by a prior marriage: "Now that the mother passed away, she left me all the money in the home, and the funeral bill will be paid from that; and the rest I will share you all up." There is a clear inference from this language that the husband intended to pay the funeral bill from this money and to share the balance with his wife's children of a former marriage. Under the ante and post-nuptial agreements, whatever would be accumulated after their marriage through the efforts of the now surviving spouse was to become the common property of both, the survivor to take what was left upon the death of one of them. The husband, being the survivor, became the sole owner of this money after his wife's death, the money presumably having been accumulated after the marriage. He could give it away if he wanted to do so. After paying both bills, be brought them to the daughter and she testified that he said: "You don't have to worry about it. It is paid." The witness then continued: "And the same thing with the monument, your Honor." The husband filed an election to take against the will. The lower court voided it because it found a valid ante and post-nuptial agreement whereby the husband agreed not to claim any part of his wife's estate. On this state of the record the court found that the husband had renounced his right to the legacy of reimbursement. Where the findings of the Orphans' Court are supported by proof, they are conclusively binding on appeal. *Pusey's Estate*, 321 Pa. 248, 260,

184 A. 844. In the present case we think there was ample evidence to support the lower court's conclusion. In *Mitchell's Estate,* 79 Pa. Superior Ct. 208, we affirmed the lower court's opinion written by Judge GEST, wherein he said: "In her will the testatrix directs the payment of her debts and funeral expenses, but so far as the latter are concerned the surviving husband is chargeable with them. He took against the will and cannot therefore claim the benefit of this direction, which being in relief of his legal liability is in effect a legacy to him." It is argued in behalf of the husband that the setting aside of the election to take against the will by the lower court placed the husband in the same position as he would have been in had no election ever been filed. In the *Mitchell* case the husband did not pay the funeral bill but the executor did and he was denied a credit for the same in his account for the reasons above mentioned. In the present case the husband did pay the bill from the money in the house which belonged to him as the survivor. This is not a suit, executory in nature, to compel him to carry out his promise. He filed a claim to be reimbursed for the money which he voluntarily paid. This is in the nature of a gift. Once it has been made it may not be taken back. It needs no consideration to support it. Two requisites are necessary for a valid gift: first, there must be an intention to make it, and, second, there must be an execution of intention by performance. Both are present in this case.

In addition to finding renunciation, the lower court also mentioned the doctrines of equitable estoppel and moral consideration. We deem it unnecessary to consider these latter two principles because the opinion may be sustained either on the doctrine of renunciation or the principle controlling gifts. In *Quaker Worsted Mills Corp. v. Howard Trucking Corp.,* 131

Pa. Superior Ct. 1, 11, 198 A. 691, Judge RHODES (now President Judge), said: "Appellant criticizes the reasoning, as well as the conclusions, of the court below. As to this we recently stated in Tomko v. Feldman, 128 Pa. Superior Ct. 429, at page 435, 194 A. 338, at page 341: 'It affords no comfort to appellant that the court below arrived at what we believe to be a correct conclusion by reasoning which does not have our approval. As was said in Fullerton's Estate, 146 Pa. 61, at page 63, 23 A. 321: "It is the decree, to which error lies. If that is right, it is of little moment what course of reasoning led up to it." ' "

The decree of the lower court is affirmed at the cost of the appellant.